```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


QUEEN CITY MAINTENANCE, INC.,   )
                                )
            Plaintiff,          )
                                )
     v.                         )        1:17CV665
                                )
MAINCORE MANAGEMENT, LLC,       )
ACTION TIME USA, INC.,          )
DANIELA STANISLAWEK PERKINS,    )
and DANIEL STANISLAWEK,         )
                                )
            Defendants.         )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff, Queen City Maintenance, Inc., has filed a Motion for Summary Judgment or Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 40.) The motion seeks summary judgment against Defendants Maincore Management, LLC ("Maincore") and Action Time USA, Inc. ("Action Time"). (Id. at 1-2.) Plaintiff has filed a brief in support thereof, (Doc. 41), and Defendants Maincore and Action Time have filed a response, (Doc. 47). Plaintiff did not reply, and the matter is now ripe for ruling. For the following reasons, this court finds that Plaintiff's motion should be denied and the matter referred for a Rule 26(f) conference and discovery.

Plaintiff originally filed its complaint in the Superior Court of Guilford County, North Carolina. (See Doc. 3.) Defendant Wal-Mart Stores, Inc. ("Walmart") removed the case to this court. (See Doc. 1.) Plaintiff subsequently dismissed its claims against Walmart with prejudice. (Doc. 12.) The remaining defendants, Maincore, Action Time, Daniela Stanislawek Perkins, and Daniel Stanislawek (collectively "Defendants") filed an answer. (Doc. 16.) Thereafter, Defendants filed a third-party complaint, (Doc. 18); that third-party complaint was later dismissed without prejudice, (Doc. 51).

An Initial Pretrial Conference was previously set, (see Doc. 17), but continued at the request of the parties, (see, e.g., Doc. 23). Discovery was ultimately stayed at the parties' request, (see Doc. 32), pending a ruling upon a forthcoming motion to dismiss by third-party defendants, (Doc. 33). Because third-party defendants have been dismissed from this case, (see Doc. 51), there is no forthcoming ruling on their motion to dismiss, and the stay is now moot. In the interim between that stay and that dismissal, and prior to the entry of any discovery schedule, Plaintiff filed the instant motion for summary judgment. (Doc. 40.)

Summary judgment is appropriate when the court determines that there remains "no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). And "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).

A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289-90 (1968) (stating that a dispute is not genuine for summary judgment purposes when one party rests solely on allegations in the pleadings and does not produce any evidence to refute alternative arguments). This court must look to substantive law to determine which facts are material — "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.

Plaintiff argues summary judgment is appropriate as to Maincore and Action Time because the Affidavit of Maya I. Tsekova, President of Queen City Maintenance, (Doc. 40-1); the

Verified Complaint, (Doc. 3); and the Answer by Defendants Maincore and Action Time, (Doc. 16), all establish that these Defendants are liable to Plaintiff for monies owed for services rendered by Plaintiff, (see Doc. 41 at 4-5). While the Complaint and Affidavit of Ms. Tsekova appear to establish liability of Defendants to Plaintiff, this court does not find that the Answer admits liability so clearly as Plaintiff contends. Instead, this court finds that there are issues of fact which require that this case proceed to discovery. For example, Defendant Daniel Stanislawek's Declaration, submitted in opposition to Plaintiff's motion, states that Plaintiff's invoices are overstated. (Doc. 48 ¶¶ 5-29.) Defendant Stanislawek further states that he anticipates further reductions to the amounts allegedly owed based upon continued investigation and discovery. (Id. ¶ 29.)

This court therefore finds that there does exist a genuine issue of material fact as to the amounts allegedly due Plaintiff and, as a result, Plaintiff's motion for summary judgment should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment or Partial Summary Judgment, (Doc. 40), is **DENIED.**

**IT IS FURTHER ORDERED** that the stay of discovery previously entered, (Doc. 32), is **TERMINATED.**

**IT IS FURTHER ORDERED** that, within 14 days of the entry of this Memorandum Opinion and Order, the parties shall submit a Supplemental Rule 26(f) Report as set out in the December 13, 2017 Order. (Doc. 32.)

**THIS COURT FURTHER DIRECTS** that in the event the parties are no longer able to agree upon a Rule 26(f) Report, as evidenced by the failure to submit an agreed-upon Supplemental Rule 26(f) Report, the Clerk shall set this matter for an Initial Pretrial Conference.

This the 11th day of March, 2019.

/s/ William L. Osteen, Jr.
_____
United States District Judge